ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| ERICK Y. RODRÍGUEZ SANTIAGO<br><br>Recurrente<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Recurrido | KLRA202400423 | Revisión administrativa procedente de la Junta de Libertad Bajo Palabra<br><br>Caso Núm. JLBP: 147674<br><br>Sobre:<br>Concesión Libertad Bajo Palabra |
|---|---|---|

Panel integrado por su presidente, el juez Figueroa Cabán, el juez Salgado Schwarz y el juez Monge Gómez

**Figueroa Cabán, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de septiembre de 2024.

Comparece el señor Erick Rodríguez Santiago, en adelante el señor Rodríguez o el recurrente, quien solicita que revoquemos la *Resolución*, emitida el 17 de mayo de 2024 y notificada el 10 de junio de 2024, por la Junta de Libertad Bajo Palabra, en adelante la JLBP o la recurrida. Mediante la misma, la JLBP no concedió el privilegio de libertad bajo palabra al recurrente.

Por los fundamentos que expondremos a continuación, se confirma la *Resolución* recurrida.

-I-

Surge de la copia certificada del expediente administrativo que el señor Rodríguez fue sentenciado por tentativa de robo, tentativa de robo agravado y varias infracciones a la *Ley de Armas*.[1]

_____
[1] Apéndice del recurrente, pág. 1.

Número Identificador

SEN2024_____

Transcurridos varios trámites procesales que resulta innecesario pormenorizar para resolver la controversia ante nos, la JLBP adquirió jurisdicción para considerar el caso. Celebrada la vista de consideración para el privilegio de libertad bajo palabra, la recurrida dispuso no concederle el privilegio al señor Rodríguez.[2] Emitió las siguientes determinaciones de hechos:

1. Al momento de la evaluación del expediente, surge que la parte de epígrafe no cuenta con casos ante los tribunales, denuncias o querellas institucionales pendientes.

2. El peticionario se encuentra clasificado en custodia de mediana seguridad desde el 21 de enero de 2022, conforme se desprende de su expediente.

3. El peticionario es primer ofensor.

4. El peticionario completó Trastornos Adictivos el 4 de agosto de 2016.

5. El peticionario cuenta con diploma de escuela superior.

6. El peticionario culminó las terapias psicológicas de la Sección Programa de Evaluación y Asesoramiento (SPEA) el 29 de octubre de 2015. Cuenta con evaluación psicológica actualizada, realizada el 13 de octubre de 2023. De la evaluación realizada surgieron más factores protectivos que factores de riesgo. Por lo cual consideramos que el peticionario está preparado para reintegrarse a la libre comunidad con supervisión de forma intensa y rigurosa a través del técnico de servicios sociopenales que le sea asignado.

7. El peticionario tomó las terapias de Control de Conducta Violenta, las cuales finalizó el 26 de octubre de 2016.

8. El peticionario cuenta con plan de salida en las áreas de oferta de empleo y amigo consejero debidamente corroborados por el DCR. El hogar resulto [sic.] no viable por cuestión de cercanía con las víctimas. Por lo tanto, este tiene que someter un hogar alterno.

9. En este caso tomamos en consideración la opinión de las partes perjudicadas. La naturaleza y circunstancias de los delitos y la evaluación psocologicas [sic.].

---

[2] Id., págs. 26-29.

10. Al peticionario le fue realizada la toma de muestra de ADN el 19 de febrero de 2015 conforme lo dispuesto en la Ley 175-1998.

11. El peticionario trabaja en ornato institucional y estudia Barbería actualmente.[3]

En lo aquí pertinente, la JLBP consideró "la opinión de las partes perjudicadas" y determinó que el hogar propuesto por el recurrente no era viable.

Inconforme, el señor Rodríguez presentó una moción de reconsideración en la que arguyó que la determinación de la recurrida es "errada y constituye un abuso de discreción" porque "no está fundamentada en evidencia sustancial que demuestre el incumplimiento del peticionario con los requisitos exigidos por ley y reglamento".[4] En su opinión, antes de negarle el privilegio de libertad bajo palabra, la JLBP pudo imponer el grillete electrónico. Adujo, además, que la vivienda propuesta fue corroborada por el Departamento de Corrección y Rehabilitación, en adelante DCR, y no hizo ningún señalamiento negativo respecto a la misma. Así pues, el recurrente entiende que "la proximidad de la vivienda con la alegada víctima fue una información *ex parte*, sin que el peticionario tuviera la oportunidad de confrontar o presentar evidencia de refutación". Destacó que conforme surge del expediente, existen muchos factores que lo hacen un buen candidato para salir en libertad bajo palabra.

En desacuerdo, el señor Rodríguez compareció ante este foro mediante *Petición de Revisión Administrativa*, y alega la comisión del siguiente error:

[3] *Id.*
[4] *Id.*, págs. 31-35.

ABUSÓ DE SU DISCRECIÓN LA JUNTA DE LIBERTAD BAJO PALABRA (JLBP) AL NO CONCEDER EL PRIVILEGIO DE LIBERTAD A PRUEBA AL PETICIONARIO TOMANDO EN CONSIDERACIÓN EVIDENCIA EX PARTE, SIN QUE EL RECURRENTE PUDIERA CONFRONTAR O PRESENTAR EVIDENCIA DE REFUTACIÓN EN CRASA VIOLACIÓN AL DEBIDO PROCESO DE LEY, RESULTANDO EN UNA DETERMINACIÓN QUE: (1) NO ESTÁ BASADA EN EXPEDIENTE, (2) NI ESTÁ BASADA EN EVIDENCIA SUSTANCIAL.

Luego de revisar los escritos de las partes, la copia certificada del expediente administrativo y los documentos que obran en autos, estamos en posición de resolver.

**-II-**

**A.**

La revisión judicial de las decisiones administrativas tiene como fin primordial delimitar la discreción de las agencias, para asegurar que ejerzan sus funciones conforme la ley y de forma razonable.[5] Ahora bien, es norma reiterada "que los tribunales apelativos debemos conceder deferencia a las determinaciones de las agencias administrativas, por razón de la experiencia y el conocimiento especializado que éstas poseen sobre los asuntos que se les han delegado".[6] A esos efectos, la revisión judicial comprende tres aspectos, a saber: (1) si el remedio concedido fue apropiado; (2) si las determinaciones de hecho están sostenidas por evidencia sustancial que obra en el expediente administrativo visto en su totalidad, y (3) si se sostienen las conclusiones de derecho realizadas por la agencia.[7]

---

[5] *Hernández Feliciano v. Mun. Quebradillas*, 211 DPR 99, 114-115 (2023); *Fuentes Bonilla v. ELA et al.*, 200 DPR 364 (2018); *Unlimited v. Mun. de Guaynabo*, 183 DPR 947, 965 (2011).
[6] *Hernández Feliciano v. Mun. Quebradillas*, *supra*, pág. 114.
[7] *Hernández Feliciano v. Mun. Quebradillas*, *supra*, pág. 115; *Moreno Lorenzo y otros v. Depto. Fam.*, 207 DPR 833, 839-840

Por consiguiente, "quien impugne las determinaciones de hechos de una agencia tiene el deber ineludible de producir suficiente evidencia para derrotar la presunción de legalidad y corrección de la decisión administrativa".[8] En ausencia de evidencia sustancial, los foros apelativos estamos llamados a otorgar deferencia a las agencias administrativas.[9]

En lo aquí pertinente, la intervención judicial debe circunscribirse a determinar si las conclusiones de derecho del organismo administrativo son correctas.[10] Ahora bien, ello no significa que el tribunal revisor tiene facultad irrestricta para revisar las conclusiones de derecho del ente administrativo.[11] Al contrario, los tribunales deben concederle gran peso y deferencia a las interpretaciones que los organismos administrativos realizan de las leyes y reglamentos que administran, por lo que no pueden descartar libremente las conclusiones e interpretación de la agencia, sustituyendo el criterio de estas por el propio.[12] De este modo, si la interpretación de la ley o reglamento que realiza determinada agencia administrativa es razonable, aunque no sea la única razonable, los tribunales debemos concederle deferencia.[13] Más aún, los tribunales podrán sustituir el criterio de la

---

(2021); *Capó Cruz v. Jta. Planificación et al.*, 204 DPR 581, 591 (2020).
[8] *OEG v. Martínez Giraud*, 210 DPR 79, 118 (2022). (Opinión disidente emitida por el Juez Asociado Señor Colón Pérez, a la cual se une la Jueza Presidenta Oronoz Rodríguez).
[9] *Id.*, págs. 118-119.
[10] *OEG v. Martínez Giraud*, *supra*, pág. 89. Véase, además, *Torres Rivera v. Policía de PR*, 196 DPR 606, 627-628 (2016).
[11] *Hernández Feliciano v. Mun. Quebradillas*, *supra*, págs. 115-116; *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 216 (2012); *JP, Plaza Santa Isabel v. Cordero Badillo*, 177 DPR 177, 187 (2009); *Rivera Concepción v. ARPe*, 152 DPR 116, 122 (2000).
[12] *Hernández Feliciano v. Mun. Quebradillas*, *supra*, pág. 114.
[13] *Torres Rivera v. Policía de PR*, *supra*, pág. 628.

agencia por el suyo únicamente cuando no encuentren una base racional para explicar la determinación administrativa.[14]

**B.**

La Ley Núm. 118 de 22 de julio de 1974, en adelante Ley Núm. 118-1974, según enmendada, creó la JLBP, adscrita al DCR.[15] Entre los poderes conferidos a la JLBP está decretar la libertad bajo palabra de cualquier persona recluida en cualquiera de las instituciones penales de Puerto Rico. También, se le confirió la facultad para revocar la libertad bajo palabra a cualquier liberado que revele no estar aún preparado para beneficiarse plenamente del privilegio y el tratamiento que implica la libertad bajo palabra.[16]

De esta forma, este organismo tiene la autoridad de conceder a cualquier persona recluida el privilegio de cumplir la última parte de su condena en libertad bajo palabra.[17] Al conceder el privilegio, la JLBP puede imponer las condiciones que estime necesarias.[18] Así, el liberado bajo palabra tiene una libertad cualificada.[19]

Conviene mencionar que, aunque la Ley Núm. 118-1974 fue objeto de enmiendas mediante la aprobación de la Ley Núm. 85-2022, los cambios a los criterios específicos que la JLBP debe considerar al momento de conceder el privilegio fueron mínimos. De modo que

---

[14] *Hernández Feliciano v. Mun. Quebradillas, supra,* pág. 116.

[15] 4 LPRA sec. 1501, *et seq.*

[16] Artículo 3 (a) y (b), 4 LPRA sec. 1503.

[17] *Benítez Nieves v. ELA et al.,* 202 DPR 818 (2019).

[18] Art. 3, Ley Núm. 118-1974, *supra*, 4 LPRA sec. 1503.

[19] *Benítez Nieves v. ELA et al., supra; Maldonado Elías v. González Rivera,* 118 DPR 260, 266 (1987).

prevalecen los criterios dispuestos en la Ley Núm. 118-1974, a saber:

(1) La naturaleza y circunstancias del delito o delitos por los cuales cumple sentencia.

(2) Las veces que el confinado haya sido convicto y sentenciado.

(3) Una relación de liquidación de la sentencia o sentencias que cumple el confinado.

(4) La totalidad del expediente penal, social, y los informes médicos e informes por cualquier profesional de la salud mental, sobre el confinado.

(5) El de ajuste institucional y del social y psicológico del confinado, preparado por la Administración de Corrección y el médico y psiquiátrico preparado por Salud Correccional del Departamento de Salud.

(6) La edad del confinado.

(7) El o los tratamientos para condiciones de salud que reciba el confinado.

(8) La opinión de la víctima.

(9) Planes de estudios, adiestramiento vocacional o estudio y trabajo del confinado.

(10) Lugar en el que piensa residir el confinado y la actitud de dicha comunidad, de serle concedida la libertad bajo palabra.

(11) Cualquier otra consideración meritoria que la Junta haya dispuesto mediante reglamento.

La Junta tendrá la discreción para considerar los mencionados criterios según estime conveniente y emitirá resolución escrita con determinaciones de hechos y conclusiones de derecho.[20]

Además, hay que destacar, que conforme el Artículo 5 de la Ley Núm. 118-1974, *supra*, la JLBP tiene la autoridad de promulgar las reglas y reglamentos que crea convenientes para el mejor cumplimiento de las disposiciones de ese artículo.[21] En virtud de ello, la agencia aprobó el *Reglamento de la Junta de Libertad Bajo Palabra*, en adelante Reglamento Núm. 9232.

---

[20] Art. 3-D de la Ley Núm. 118-1974 (4 LPRA sec. 1503d). Véase, además, Exposición de Motivos de la Ley Núm. 85-2022.
[21] *Benítez Nieves v. ELA et al.*, *supra*.

En lo pertinente, el Artículo X, Sección 10.1 del Reglamento Núm. 9232 establece los siguientes criterios de elegibilidad:

A. La Junta evaluará las solicitudes del privilegio, caso a caso, conforme al grado de rehabilitación y ajuste que presente el peticionario durante el término que ha estado en reclusión.

B. Al evaluar los casos, la Junta tomará en consideración los siguientes criterios con relación al peticionario:

   1. Historial delictivo.

      a. La totalidad del expediente penal.

      b. Los antecedentes penales. Se entenderá por antecedentes penales las veces que un peticionario haya sido convicto y sentenciado.

      c. […]

      d. Naturaleza y circunstancias del delito, por el cual cumple sentencia, incluyendo el grado de fuerza o violencia utilizado en la comisión del delito.

      […]

   2. Una relación de liquidación de la(s) sentencia(s) que cumple el peticionario.

   3. La clasificación de custodia, el tiempo que lleva en dicha clasificación y si hubo cambio de clasificación y las razones para ello.

      a. La Junta no concederá libertad bajo palabra cuando el peticionario se encuentre en custodia máxima.

   4. La edad del peticionario.

   5. La opinión de la víctima.

      a. La opinión de la víctima constituye un factor a ser considerado por la Junta, pero la determinación sobre el grado de rehabilitación de un peticionario y si está capacitado para continuar cumpliendo su sentencia en la libre comunidad es prerrogativa de la Junta.

   6. El historial social.

      a. Se tomará en consideración la totalidad del expediente social.

b.   […]

c. El historial de ajuste institucional y el historial social preparado por el Departamento de Corrección y Rehabilitación.

d. Si se le han impuesto medidas disciplinarias, disponiéndose que no se tomarán en consideración aquellas medidas disciplinarias en las cuales ha transcurrido un (1) año desde la fecha en que se impuso dicha medida disciplinaria.

e. El historial de trabajo y/o estudio realizado en la institución.

[…]

7. Si cuenta con un plan de salida estructurado y viable en las áreas de oferta de empleo y/o estudio, residencia y amigo consejero.

a. El plan de salida podrá ser en Puerto Rico, en cualquier estado de los Estados Unidos o en cualquier otro país que tenga un tratado de reciprocidad con Estados Unidos.

[…]

e. Residencia
i. Todo peticionario tiene que indicar el lugar en el cual piensa residir de serle concedida la libertad bajo palabra, bien sea en una residencia o un programa interno.

ii. De proponer una residencia, el peticionario proveerá el nombre completo y número de teléfono de la persona con la cual residirá, o de algún familiar cercano, así como la dirección física de la residencia. En estos casos, se realizará una investigación sobre la actitud de la comunidad donde propone residir el peticionario, de serle concedida la libertad bajo palabra.
[…]

iv. Para determinar si la vivienda propuesta es viable, la Junta considerará:

(a) Las características personales e historial delictivo de las personas con

las cuales convivirá el peticionario en la vivienda, y cómo el peticionario se relaciona con estos.

(b) Opinión de la comunidad sobre la determinación de conceder el privilegio y las personas con las cuales convivirá el peticionario.

(c) Condición de la planta física de la residencia y cantidad de habitantes de la misma.

(d) Si la residencia propuesta está relativamente cercana a la residencia de la víctima de delito.

(e) Si existe algún impedimento en ley para que el peticionario resida en la vivienda propuesta, excepto se encuentre incluido en el contrato de vivienda o certificación de la administración correspondiente.

(f) Cualquier otra consideración que la Junta estime pertinente dentro de los méritos del caso individual.

Aun cuando la decisión de conceder o denegar los beneficios de libertad bajo palabra descansa en la entera discreción del Estado, y no existe un derecho a obtener tales beneficios, el procedimiento para su concesión debe cumplir con ciertas salvaguardas procesales.[22]

**-III-**

Para el señor Rodríguez, "la JLBP actuó de forma irrazonable e ilegal, en violación al debido proceso

---

[22] *Maldonado Elías v. González Rivera*, *supra*, págs. 275-276.

de ley instituido en su Reglamento al denegar el privilegio de libertad bajo palabra… aduciendo la falta de hogar viable cuando esta evidencia no surge del expediente provisto a la representación legal del recurrente". Aduce que la recurrida abusó de su discreción porque sustentó su determinación en evidencia *ex parte*, de modo que le impidió refutar la alegación de "cercanía" del hogar propuesto con la residencia de los perjudicados. Además, el recurrente arguye que este hecho no fue probado durante la vista y que no existe un "parámetro o distancia de prohibición". Del mismo modo, sostiene que la JLBP ni siquiera le permitió brindar una residencia alterna.

Finalmente, sostiene que la JLBP actuó *ultra vires* al realizar una investigación sobre la residencia propuesta por el recurrente, ya que esa facultad le corresponde exclusivamente al DCR.

En cambio, la recurrida alega que el trámite de consideración para la concesión de la libertad bajo palabra es un proceso adjudicativo informal. Es decir, no hay parte adversa, no se confronta a las partes y hay información en el expediente que es confidencial. Por ende, contrario a la contención del señor Rodríguez, la JLBP argumenta que no tenía que revelarle la inviabilidad del hogar durante la vista de consideración, porque la dirección física de las víctimas es información confidencial que obra en el expediente evaluado por la JLBP. Puntualiza, además, que "[l]a investigación que realiza el DCR se circunscribe a verificar que la residencia propuesta por el peticionario cumpla con lo requerido por el

Reglamento Núm. 9232". Del mismo modo, afirma que la facultad delegada por ley de realizar una evaluación y recomendación sobre la cercanía de la residencia propuesta con la de las víctimas "compete única y exclusivamente a la JLBP". Así pues, sostiene que ni la cercanía entre el hogar propuesto por el peticionario y las residencias de las víctimas, ni la opinión de las víctimas, ni la naturaleza y circunstancias del delito, en las que basó su determinación, constituyen información *ex parte*. En síntesis, aduce que denegó el privilegio de libertad bajo palabra luego de haber evaluado la recopilación de toda la prueba que obtuvo el DCR junto a la que presentó el peticionario, es decir, la totalidad del expediente administrativo.

Luego de revisar la totalidad del expediente administrativo, concluimos que la resolución recurrida está basada en el expediente y no hay justificación para ejercer nuestra facultad revisora. Veamos.

En primer lugar, existe cercanía entre el hogar propuesto por el recurrente y el hogar o sede de negocios de las víctimas: Vega Baja, Puerto Rico.[23]

En segundo lugar, la opinión de las víctimas es desfavorable a la concesión de libertad bajo palabra al señor Rodríguez.[24]

En tercer lugar, el recurrente resultó convicto por varios delitos que acarrean violencia y depravación moral.[25]

---

[23] Copia del Expediente Administrativo, págs. 37 y 39.
[24] Anejo Confidencial, págs. 127, 169 y 170.
[25] Copia del Expediente Administrativo, págs. 14 y 67; Anejo Confidencial, pág. 107.

Finalmente, obra en el expediente un factor de riesgo que puede precipitar que el recurrente incurra en conduta delictiva, a saber, impulsividad.[26]

Examinados en conjunto los elementos precitados, todos ellos que surgen del expediente, la JLBP no abusó de su discreción al no concederle el privilegio de libertad bajo palabra al señor Rodríguez.

**-IV-**

Por los fundamentos previamente expuestos, se confirma la *Resolución* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[26] Copia del Expediente Administrativo, pág. 35.